# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0045V
(not to be published)

| | |
|---|---|
| JILL GARDNER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 28, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Jimmy A. Zgheib*, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.

*Parisa Tabassian*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 13, 2022, Jill Gardner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered brachial neuritis as a result of a Tdap vaccine she received on February 16, 2021. Petition at 1. On February 2, 2023, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 25.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 14, 2023, (ECF No. 29), requesting a total award of $36,855.98 (representing $35,179.40 in fees and $1,676.58 in costs). In addition, in accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 29-3. Respondent reacted to the motion on February 15, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 30. Petitioner did not file a reply thereafter.

On April 8, 2023, Petitioner filed a supplemental brief to support her application for Attorney's Fees and Costs. ECF No. 32. Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Jimmy Zgheib; associates Jennifer Sayad and AnnMarie Sayad; and paralegals at the following rates:

|  | 2021 | 2022 | 2023 |
|---|---|---|---|
| Jimmy Zgheib | $300 | $330 | $380 |
| Jennifer Sayad | $340 | $360 | X |
| AnnMarie Sayad | X | X | $380 |
| Paralegals | $148 - $172 | $165 - $177 | $175 - $186 |

ECF No. 29-1 at 17 - 18. The requested rates for time billed between 2021 and 2022 are reasonable and consistent with what has previously been awarded for work these attorneys have performed for other petitioners.

For time billed in 2023, however, both Mr. Zgheib and Ms. Sayad have previously been awarded the rate of $360 for time billed in 2023. *See Meharry v. Sec'y of Health & Hum. Servs.,* No. 21-1480V, Slip Op. 45, (Fed. Cl. Spec. Mstr. April 7, 2023); *Grizzell v. Sec'y of Health & Hum. Servs.,* No. 21-1191V, Slip Op. 36 (Fed. Cl. Spec. Mstr. Apr. 7, 2023). Accordingly, I will reduce Mr. Zgheib and Ms. Sayad's rates to $360 per hour for 2023, to be consistent with what has been previously awarded. This results in a reduction of **$222.00**.[3]

## ATTORNEY COSTS

Petitioner requests $1,676.58 in overall costs. ECF No. 29 – 2 at 2-3. This amount is comprised of obtaining medical records, shipping costs, and the Court's filing fee. I have reviewed all the requested costs, find them to be reasonable, and therefore award the requested amount in full.

## CONCLUSION

---

[3] This amount is calculated as follows: $380 - $360 = $20 x 11.10hrs = $222.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$36,633.98** (representing $34,957.40 in fees and $1,676.58 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.